IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:20CR00042

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | OBJECTIONS TO |
| ) | PRESENTENCE REPORT |
| BRYAN LEE RAGON ) | |
| ) | |

Now comes Defendant Bryan Lee Ragon, who submits the following objections to the presentence report.

Mr. Bryan Ragon objects to **Paragraph 71 and 72,** which allege that there are no factors warranting a departure or a variance besides the one agreed upon. The Defense disagrees with that characterization. The Defense will address these issues in greater detail in a sentencing memoranda in the future, but provides the following in support of his argument:

In **Paragraph 22** of the Presentence Report, the commission recommends the enhancement of 2-points for the use of a computer. We respectfully disagree with the use of this enhancement in the present case. First, Bryan Ragon met this young woman in person and that is how they first met. Second, Mr. Ragon had sexual relations with this woman shortly after their initial meeting and before a computer was used. The purpose of this enhancement is to prevent online predators from stalking and taking advantage of children. The victim in this matter had already met Mr. Ragon in person and engaged in sexual relations. The conversations via computer were therefore not the instigator or essential to the commission of this crime. We believe the intent of this enhancement is undermined by its application in this matter.

The report applies the enhancement under USSG §4B1.5(b)(1) in **Paragraph 27**, we respectfully disagree with that assessment. The transportation of the victim was done once. This is not a pattern of activity just because the conversations that led to the commission of this crime took place over months. The way in which this enhancement is being applied here would then include every incident that required any communication before an illegal act was committed. If that is the application, it would apply to virtually every case. That application undercuts the purpose of this enhancement which is to protect against repeat and dangerous sex offenders. Clearly this was not intended to apply in a situation like we have here.

Additionally Mr. Bryan Ragon is 44-years old and has no criminal history aside from a handful of traffic tickets. He was gainfully employed for 15 years with the same company prior to these charges and simply made an error in judgment that he has owned up to early on in this investigation.

The Defense also requests to supplement additional grounds for variance prior to sentencing.

This the 9th day of October, 2020.

Respectfully submitted,

s/ Justin C. Olsinski

**Olsinski Law Firm, Pllc**
**Attorney For Defendant**
**NC State Bar No: 39956**
**216 North McDowell St. Suite 200**
**Charlotte, NC 28204**
**Telephone: (704) 405-2580**
**Email: Jco@Jcolaw.com**

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing **PSR Objections** on opposing counsel by submitting a copy thereof through ECF, to be sent to:

> Erik Lindahl
> Assistant United States Attorney

This the 9th day of October, 2020.

> s/ Justin Olsinski
>
> Justin Olsinski
> Attorney for Defendant